U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

APR 0 6 2009

TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| CARLA ANN MORGAN | : | DOCKET NO. 07-1323 |
| VS. | : | JUDGE TRIMBLE |
| UNITED STATES OF AMERICA | : | MAGISTRATE JUDGE KAY |

### MEMORANDUM RULING

Before the Court is a "Motion for Summary Judgment" (doc. #14) filed by defendant, the United States of America, wherein the mover seeks to have this Court grant summary judgment in its favor pursuant to Federal Rule of Civil Procedure, Rule 56(c) because there is no genuine issue of fact for trial. Plaintiff has filed no opposition to the motion.

### FACTUAL STATEMENT

Plaintiff, Carla Ann Morgan, was employed by Cubic Applications, Inc.("Cubic") at Fort Polk, Louisiana as a role player. In January 2004, Cubic contracted with the United States to provide role players and conduct a realistic scenario for rotational field training and command post exercises based on real world current events.

On August 25, 2004, Ms. Morgan was employed by Cubic as a role player acting as an Iraqi citizen. Cubic also provided role players who acted as members of the U.S. forces. These U.S. military actors wore complete U.S. military uniforms. The actors were engaged in a staged "riot." During the staged riot, Ms. Morgan testified that a "soldier" threw her up into the air and she landed on the ground injuring her arm and knee. In her complaint, Ms. Morgan alleges that the "soldier"

was an U.S. Army serviceman and seeks damages for injuries to her knee.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, when viewed in the light most favorable to the non-moving party, indicate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[1] A fact is "material" if its existence or nonexistence "might affect the outcome of the suit under governing law."[2] A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party.[3] As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim."[4] Once the movant makes this showing, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine issue for trial.[5] The burden requires more than mere allegations or denials of the adverse party's pleadings. The non-moving party must demonstrate by way of affidavit or other admissible evidence that there are genuine issues of material fact or law.[6] There is no genuine issue of material fact if, viewing the evidence in the light most

---

[1] Fed. R.Civ. P. 56(c).

[2] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

[3] *Stewart v. Murphy*, 174 F.3d 530, 533 (5th Cir. 1999).

[4] *Vera v. Tue*, 73 F.3d 604, 607 (5th Cir. 1996).

[5] *Anderson*, 477 U.S. at 249.

[6] *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party.[7] If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."[8]

## **LAW AND ANALYSIS**

Plaintiff has sued the United States for her injuries; she alleges that a United States serviceman threw her into the air causing her the injury. A limited waiver of the sovereign immunity of the United States is granted in cases where torts have been committed by "employees of the Government" while acting within the scope of their employment.[9] Pursuant to 28 U.S.C. § 1346(b)(1), the liability, if any, of the United States is determined in accordance with the law where the tortious act or omission occurred. Louisiana law provides that employers are answerable for the damages occasioned by their employees in the exercise of the functions in which they are employed.[10] This vicarious liability extends only to tortious conduct that occurs while the employee is acting within the course and scope of his employment.[11]

Independent contracts are expressly excluded from the definition of federal agency. ". . . [Th]e term "Federal Agency" . . . does not include any contractor with the United States."[12] Thus, if the individual was a role player for Cubic as opposed to a soldier in the United States Army, the

---

[7] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

[8] *Anderson*, 477 U.S. at 249-50.

[9] 28 U.S.C. § 1346(b)(1).

[10] La.Civ.Code art. 2320.

[11] *Reed v. House of Decor, Inc.*, 468 So.2d 1159 (La.1985).

[12] 28 U.S.C. § 2671.

3

United States cannot be held legally responsible.

The Government maintains that there is no genuine issue fact for trial as to who allegedly grabbed Ms. Morgan. The Government submits summary judgment evidence which establishes that the "soldier" who grabbed Ms. Morgan was a role player employed by Cubic. The Government has presented excerpts from Ms. Morgan's deposition testimony. In her deposition, Ms. Morgan testified that a "soldier" grabbed her and she "ended up on the ground."[13] Ms. Morgan did not see who grabbed her, but she testified that she knows it was a soldier because he had a weapon, and civilians were not allowed to carry weapons.[14]

The Government also presents as summary judgment evidence, provisions in the contract between Cubic and Fort Polk which establishes that role players were dressed in complete United States Army uniforms. Ms. Morgan has not responded to the motion for summary judgment. She has failed to dispute the Government's assertion that the "soldier" was actually an employee of Cubic, and not a United States serviceman. Ms. Morgan's self-serving deposition testimony alone, without further corroboration is not sufficient to create a genuine issue of material fact for trial and defeat a summary judgment motion.[15]

## CONCLUSION

For the reasons set forth above, and because Ms. Morgan has failed to create an issue of

---

[13] Government exhibit 1, p. 30, lines 17-20.

[14] Government exhibit 1, p. 58.

[15] See *Vais Arms, Inc. v. Vais,* 383 F.3d 287, 294 (5th Cir. 2004)(finding affiant's self-serving statements in his affidavit insufficient to raise a genuine issue of material fact); see also *Kimball v. Union Pac. R.R. Co.,* No.02-2637, 2003 U.S. Dist. Lexis 5534 (E.D. La. Apr. 3, 2003)(conclusory and self-serving affidavit found incompetent summary judgment evidence).

material fact for trial, the motion for summary judgment will be granted.

**THUS DONE AND SIGNED** on this 6th day of April, 2009 in Lake Charles, Louisiana.

Judge James T. Trimble, Jr.
United States District Court